UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

May 16, 2022

LETTER TO COUNSEL

    Re:    *Tracy Henderson v. Kilolo Kijakazi, Commissioner, Social Security Administration*[1]
             **Civil No. AAQ-20-3346**

Dear Counsel:

On November 18, 2020, Plaintiff Tracy Henderson ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability insurance financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 12, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    **I.**    **The History of this Case**

Plaintiff filed her claim for financial assistance on November 24, 2015, alleging a disability onset date of February 18, 2015. ECF No. 9-3 at 64. An Administrative Law Judge ("ALJ") initially denied Plaintiff's claim, but the Appeals Council remanded Plaintiff's claim to further evaluate her residual functional capacity, obesity, and to provide a discussion of Medical Listing(s) of 20 CFR Part 404, Subpart P, Appendix 1 as they relate to her status post-concussion, experiences of vertigo, and chronic headaches. *Id.* at 15. On March 5, 2020, an ALJ held a second hearing. *Id.* at 36-59. Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. *Id.* at 12-35. The Appeals Council denied Plaintiff's request for review, ECF No. 9-3 at 1; thus, the ALJ's second decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] When this proceeding began, Andrew Saul was the Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of the Social Security Administration and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Tracy Henderson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-20-3346
May 16, 2022
Page: 2

The ALJ found that Plaintiff suffered from the severe impairments of "status post-concussion; post-concussion syndrome; vertigo; chronic headaches; Cognitive Disorders; Bipolar 1 disorder; Generalized Anxiety Disorder; Post-Traumatic Stress Disorder (PTSD); Attention Deficit Hyperactivity Disorder (ADHD); inflammation of the sacroiliac joint; lumbar radiculopathy; and trochanteric bursitis." *Id.* at 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b), except she can never engage in climbing ladders, ropes or scaffolds, she can engage in only occasional climbing of ramps and stairs; she can engage in only occasional balancing, stooping, crouching, kneeling and crawling; she can tolerate only occasional exposure to extreme heat, extreme cold, humidity, flashing lights, loud and very loud noise (as defined in the Dictionary of Occupational Titles), respiratory irritants, such as fumes, odors, dust, gases, and poorly ventilated areas, and hazards of unprotected heights and dangerous, unguarded machinery. She is able to carry out detailed[,] but uninvolved instructions to perform simple, routine, and repetitive tasks on a regular and sustained basis to complete a normal work day and week, limited to job tasks requiring only occasional decision-making and having only occasional changes in work setting. She can tolerate occasional interaction with co-workers, supervisors, and the public. She can tolerate a low level of work pressure defined as work not requiring multitasking, significant independent judgment, sharing of job tasks, or fast-paced tasks, such as assembly line jobs involving production quotas.

*Id.* at 24. The ALJ determined that Plaintiff was unable to perform past relevant work as an office manager or administrative assistant, but could perform other jobs that existed in significant numbers in the national economy. *Id.* at 27. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.* at 28.

## II.    Plaintiff's Arguments on Appeal

Plaintiff raises five arguments on appeal, specifically that the ALJ: (1) failed to perform a function-by-function assessment of Plaintiff's ability to perform work related activities when determining her RFC; (2) did not adequately address Plaintiff's post-concussion headaches; (3) failed to properly evaluate the opinions of Plaintiff's health care providers; (4) failed to explain how Plaintiff can remain on task ninety percent of the time despite a moderate limitation in concentration, persistence or pace; and (5) erroneously evaluated Plaintiff's subjective complaints. ECF No. 12-1 at 4-25.

*Tracy Henderson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-20-3346
May 16, 2022
Page: 3

Plaintiff's first argument is that the ALJ failed to perform a function-by-function assessment of Plaintiff's ability to perform work related activities when determining her RFC. *Id.* at 4. At step three of the sequential evaluation process, the ALJ must determine the RFC of the claimant, which incorporates a function-by-function assessment of their ability to do work-related activities. Social Security Ruling 96-8p. The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate "a claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). The RFC analysis, should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom." *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019); *see also Dowling*, 986 F.3d at 387 ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by "a narrative discussion describing [ ] the evidence" that supports it) (quoting *Thomas*, 916 F.3d at 311)). Failure to do so may warrant remand. *See Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021).

This function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms, the latter of which is outlined in SSRs 96-7p and 16-3p. As noted in *Dowling*, Plaintiff's symptoms are relevant to the RFC evaluation, but an RFC assessment is "a separate and distinct inquiry from a symptom evaluation…" 986 F.3d at 387. Treating the two as the same leads to error, as is the case here. *Id.*

In this case, the ALJ concluded Plaintiff had the "residual functional capacity to perform "light work" as defined in 20 CFR 404.1567(b), followed by a series of limitations regarding her ability to climb, balance, stoop, and tolerate exposure to various elements, among other outlined limitations. ECF No. 9-3 at 23. Having found Plaintiff's several impairments to be severe, the ALJ "needed to articulate how these impairments translated into the RFC limitation…" *Nancy G.*, 2022 WL 363824, at *4. Instead of performing a function-by-function assessment, the ALJ here proceeded by evaluating Plaintiff's symptoms and let that evaluation guide her determination. For example, the ALJ determined Plaintiff's symptoms of musculoskeletal pain and bursitis, history of thyroid disorders, vertigo, and respiratory symptoms would lead to limitations in exposure to the elements. ECF No. 9-3 at 25. The record also reflects the ALJ's consideration of Plaintiff's symptoms of headache, dizziness, imbalance, light sensitivity, fatigue, and blurred vision/visual disturbance in determining interference with balance and orientation and threats to safety, thereby warranting limitations in climbing. *Id.* at 25-26. The ALJ also considered medical records and opinions of Plaintiff's mental impairments and their corresponding symptoms to determine Plaintiff's ability to remain on task and the necessity of pace limitations. *Id.* at 26. In carrying out a symptom evaluation in this manner, the ALJ was able to reach a conclusion regarding some of

*Tracy Henderson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-20-3346
May 16, 2022
Page: 4

the functions under 20 CFR § 416.945, such as stooping and crouching, but did not conduct a complete assessment of these functions as required by a proper function-by-function analysis, or any analysis of several other functions listed in the applicable regulation. *See id.* at 24-27. For example, the decision does not contain the necessary analysis – evidence, logical explanation, and conclusion – of the Plaintiff's ability to lift, carry, push, and pull.[2] *Id.*

The Commissioner contends that the ALJ did perform a function-by-function analysis because she cited to 20 CFR 404.1567(b). ECF No. 14-1 at 5-6. On this basis alone, the Commissioner contends that the ALJ performed the proper analysis. *Id*. However, mere citation to the regulation outlining functions is not the same as evaluating those functions in correspondence with Plaintiff's limitations. The ALJ was explicit, on multiple occasions, that she was conducting a symptom-based analysis and not a function by function analysis. *See* ECF No. 9-3 at 24 ("once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities."); *id*. at 25 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record").

In addition, the Commissioner argues in a footnote that the ALJ does not need to cite specifically to SSR 96-8p or every other SSR considered in making her RFC determination. *Id.* at 5. While I agree that citation to every SSR considered is not a requirement of a proper function-by-function analysis, using the correct framework to make a RFC determination is. Here, the ALJ failed to do so. This failure is particularly problematic in cases such as this where, as explained above, the failure to do so impacted the analysis. Accordingly, I cannot conclude that substantial evidence supports that determination and therefore must remand this case. *See Nancy G.*, 2022 WL 363824, at *4 (holding that where the ALJ used a symptom evaluation approach in reaching a RFC determination, the case had to be remanded for lack of substantial evidence to support such a decision).

As this case is being remanded on other grounds, I do not need to address Plaintiff's arguments regarding the ALJ's failure to (1) adequately address Plaintiff's post-concussion headaches; (2) properly evaluate the opinions of Plaintiff's health care providers; (3) explain how Plaintiff can remain on task ninety percent of the time despite a moderate limitation in concentration, persistence or pace; and (5) correctly evaluate Plaintiff's subjective complaints.

---

[2] The RFC analysis includes a brief recounting of Plaintiff's problems standing and sitting, including treatment for such, but it is not tied to any particular conclusions regarding the impact or lack thereof on Plaintiff's ability to engage in such activities while working. ECF No. 9-3 at 25.

*Tracy Henderson v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-20-3346
May 16, 2022
Page: 5

ECF No. 12-1 at 8-25.  On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 14, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED.  This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.  An implementing order follows.

                                                        Sincerely,

                                                        /s/
                                                        Ajmel A. Quereshi
                                                        United States Magistrate Judge